**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:17-cr-447-SI-01 |
| v. | **OPINION AND ORDER** |
| **ANDRES CASTANEDA a/k/a Jose Luis Poitras**, | |
| Defendant. | |

Hannah Horsley, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Andres Castaneda, *pro se*.

**Michael H. Simon, District Judge.**

Defendant Andres Castaneda, representing himself, moves under 28 U.S.C. § 2255 to

lower his sentence or order home confinement for the remainder of his sentence. ECF 75. The

Court has reviewed Castaneda's motion and supporting memorandum (ECF 75, 75-1),

Castaneda's declaration (ECF 76), and the government's motion to dismiss Castaneda's § 2255

as untimely (ECF 84).[1] For the reasons explained below, the Court denies Castaneda's motion as untimely and grants the government's motion to dismiss.

**STANDARDS**

Section 2255 of Title 28 of the United States Code permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). A prisoner seeking relief under § 2255 also must file his or her motion within a one-year statute of limitations. The limitations period begins to run on the latest of four dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f). A judgment of conviction becomes final when the period for filing a direct appeal of that judgment lapses. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

---

[1] Defendant also filed a "Motion to Request Status Update for 60-Day Extension of Time from Assistant United States Attorney Motion's." ECF 86. The Court granted the government's request for an extension of time on March 10, 2022, extending the government's deadline to May 9, 2022. ECF 83. Thus, no status update is needed.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

If a court denies a habeas petition, the court may issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the prisoner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(2). Although the prisoner need not prove the merits of his case for the court to issue a certificate of appealability, the prisoner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotation marks omitted).

## BACKGROUND

On April 8, 2019, Castaneda pleaded guilty before this Court to conspiracy to distribute and possess with intent to distribute controlled substances. ECF 84-4, at 4. Castaneda entered his guilty plea with the assistance of retained counsel and a court-certified interpreter. *See id.* At the

change of plea hearing, Castaneda testified that he had not been treated recently for any mental illness, that he was not under the influence of any drug or medication, and that he could not think of anything that might interfere with his ability to focus on the hearing and make important decisions. *Id.* at 7. Castaneda also testified that he understood the charges against him, had discussed these charges with his attorney, was satisfied with his attorney, understood it was possible the Court could impose a sentence of ten years, and understood that the Court is not bound by the parties' sentencing recommendations. *Id.* at 9-17. Castaneda also admitted the factual allegation that he had joined an agreement to distribute over 500 grams of methamphetamine and more than one kilogram of heroin. *Id.* at 22. The Court entered Castaneda's guilty plea after finding Castaneda was competent to enter an informed plea, was aware of the nature of the charges and consequences of the plea, and that facts supported the essential elements of the offense. *Id.* at 22-23.

On October 2, 2019, the Court sentenced Castaneda to a term of imprisonment of 120 months. ECF 73, at 2. Castaneda's term of imprisonment constituted a 48-month downward departure from the lower end of the advisory guideline range and from the government's recommendation. ECF 84-5, at 4. Castaneda did not appeal his sentence. More than two years after Castaneda's judgment of conviction became final, Castaneda filed the pending motion under 42 U.S.C. § 2255 to lower his sentence or order home confinement for the remainder of his sentence. Castaneda asserts four grounds for his § 2255 motion: (1) there was "no proof" for the conspiracy charge; (2) he was not mentally stable when he signed the plea agreement or at his sentencing hearing; (3) that he was never in possession of any illicit drugs; and (4) he received ineffective assistance of counsel in violation of the Sixth Amendment after sentencing because

he would have directed his attorney file a direct appeal of his sentence if his attorney had visited him in prison and informed him of his right to appeal.

## DISCUSSION

Castaneda's judgment of conviction became final on October 16, 2019, when the period to file a direct appeal of that judgment lapsed. *See* Fed. R. App. P. 4(b)(1)(A). The statute of limitations to file a § 2255 motion therefore expired on October 16, 2020, one year after Castaneda's judgment of conviction became final. *See* 42 U.S.C. § 2255(f). Thus, Castaneda's motion is time-barred, unless equitable tolling is available.

"To be entitled to equitable tolling, a habeas petitioner bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Gilbert*, 807 F.3d at 1202 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Equitable tolling is available 'only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.'" *Id.* (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)) (emphasis and alteration in original). The threshold for showing entitlement to equitable tolling is "very high." *Id.*

Attorney misconduct may justify equitable tolling only if the conduct goes beyond mere negligence, such as miscalculating the limitations period. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[T]he miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."). Attorney misconduct does exceed mere negligence when, for example, the attorney repeatedly fails to respond to a client's requests to file a habeas petition. *See Holland*, 560 U.S. 631, 652 (2010) (stating that equitable tolling may apply due to the petitioner's allegations that his attorney "failed to file [the petitioner's] federal petition on time

PAGE 5 – OPINION AND ORDER

despite [the petitioner's] many letters that repeatedly emphasized the importance of his doing so"); *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (stating that equitable tolling may apply due to the petitioner's allegations that he contacted his attorney "numerous times, by telephone and in writing, seeking action, but these efforts proved fruitless" and that his attorney ignored the petitioner's request to return his file for the duration of the limitations period). Further, any attorney misconduct must be the cause of the prisoner's failure to file a § 2255 motion within the limitations period. *See United States v. Buckles*, 647 F.3d 883, 889-90 (9th Cir. 2011) (stating that the prisoner's allegation that his attorney ignored his requests to file a motion for appointment of counsel to assist preparing a petition for writ of certiorari did not warrant equitable tolling because it did not prevent the prisoner from filing a § 2255 motion).

Castaneda contends that he filed his § 2255 motion beyond the one-year statute of limitations period because he had trouble contacting his attorney while in custody to begin his direct appeal process. Castaneda alleges that he asked his attorney to "appoint" him a public defender, but his attorney took an excessive amount of time to respond. ECF 75, at 20. This reason does not meet the high threshold for equitable tolling. Failure to advise Castaneda of his rights to direct appeal after sentencing is not the type of "extraordinary circumstance" that makes it "impossible" for Castaneda to file a habeas petition on time. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) ("[T]he alleged negligence of Randle's counsel had little to no bearing on his ability to file a timely federal habeas petition. Counsel's failure to perfect an appeal simply meant that Randle had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action—it did not prevent him from filing the petition."); *United States v. Woolfolk*, 2019 WL 3290785, at *3 (N.D. Cal. July 22, 2019) (declining to apply equitable tolling and stating: "At most, defendant alleges that his

trial counsel failed to properly advise him regarding direct appeal. However, counsel's failure to advise regarding direct appeal is different from a failure to advise regarding a habeas petition."). Accordingly, Castaneda's motion is time-barred.

Castaneda also states that he is "concerned about any documents or information that he could provide to this Court" in support of his § 2255 motion. ECF 86, at 1. To the extent that Castaneda seeks an evidentiary hearing regarding equitable tolling, such a hearing is not warranted here because Castaneda has not alleged facts that would entitle him to equitable tolling. *See Withers*, 638 F.3d at 1062 (stating that an evidentiary hearing is required if "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted"); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003) (remanding for factual development because the defendant made a "good-faith allegation that would, if true, entitle him to equitable tolling").

The Court declines to issue a Certificate of Appealability on the basis that Castaneda has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court DENIES Castaneda's motion to impose a lower sentence under § 2255 (ECF 75). The Court DENIES Castaneda's motion to expand the record and motion for a status update as moot (ECF 77, 86). The Court GRANTS the government's motion to dismiss Castaneda's § 2255 motion (ECF 84).

**IT IS SO ORDERED**.

DATED this 24th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER